UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-MC-61884-DIMITROULEAS/AUGUSTIN-BIRCH

VINCENZO OPPEDISANO,

    Petitioner,

v.

BENJAMIN E. OLIVE,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA**

The Honorable William P. Dimitrouleas, United States District Judge, has referred this case to the undersigned United States Magistrate Judge for a ruling on non-dispositive matters and for a Report and Recommendation on dispositive matters. DE 3. The case now comes before the Court on Petitioner Vincenzo Oppedisano's Motion to Compel Compliance with Subpoena. DE 1. The Court has carefully considered the Motion to Compel, Respondent Benjamin E. Olive's Response [DE 5], Petitioner's Reply [DE 6], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Compel is **DENIED**.

**I. PROCEDURAL BACKGROUND**

This case stems from a matter pending in the Southern District of New York, *Oppedisano v. Zur*, No. 7:20-CV-05395-VB. In that matter, Petitioner (the Plaintiff in that case) alleges that Defendant Lynda Zur breached an oral partnership agreement and raises claims for, among other things, breach of contract, fraud, and relief under New York partnership law.

On March 24, 2022, Petitioner's counsel issued a third-party subpoena (the "document subpoena") to Respondent, a Fort Lauderdale attorney, requiring him to produce certain documents by April 18. DE 1-1 at 14-18. On May 26, Petitioner's counsel issued a second subpoena (the "deposition subpoena") requiring Respondent to appear for a deposition to be held on June 29 at 10:00 a.m. *Id.* at 10-12. Whether Respondent was properly served with either subpoena is in dispute. What is not in dispute is that Respondent did not produce the requested documents or appear for the scheduled deposition.

Instead, on June 17, Respondent's counsel sent Petitioner's counsel a letter. The letter explained that Respondent would not be appearing for the deposition because he was Defendant's attorney, and anything that Respondent would have to say or produce was protected under attorney-client privilege and was otherwise irrelevant and/or obtainable from other sources. *Id.* at 23-24. That same day, Petitioner's counsel responded by email that Respondent had not produced a privilege log or adequately described the nature of the allegedly privileged documents and communications and demanded that Respondent comply with the subpoenas. *Id.* at 26.

That demand having gone unsatisfied, on October 7, Petitioner filed the Motion to Compel that is currently before this Court. The Court ordered Respondent to file a Response by October 21. When no Response was filed by that deadline, the Court issued an Order to Show Cause requiring Respondent to show cause by October 28 why he had failed to timely respond and why the Motion to Compel should not be granted. DE 4. Respondent subsequently filed his Response on October 27, explaining that his counsel believed that the copy of the Motion to Compel he received was a courtesy copy and not a served copy, and he therefore did not initially respond to the Motion to Compel. *See* DE 5 at 2. Respondent also addressed the merits of the Motion to Compel. The Motion to Compel is now fully briefed for the Court's resolution.

## II. THE PARTIES' ARGUMENTS

Petitioner argues in the Motion to Compel [DE 1] that Respondent was properly served with the subpoenas and that he has failed to timely comply with them or file a motion to quash or for a protective order. As for Respondent's claim of attorney-client privilege, Petitioner maintains that Respondent's blanket privilege assertion is inadequate under the law. Petitioner seeks an order compelling Respondent to comply with the subpoenas and to pay the fees and costs that Petitioner has incurred to obtain Respondent's compliance.

Respondent asserts in his Response [DE 5] that the Motion to Compel is untimely under Rule 26.1(g)(1) of the Local Rules for the Southern District of Florida because Petitioner did not file the Motion to Compel within 30 days of when the dispute over Respondent's subpoena compliance arose and, further, did not file the Motion to Compel until after the relevant discovery deadline in the underlying New York litigation had passed. Respondent also contends that he was not properly served with the subpoenas because (1) he was not personally served with the document subpoena; and (2) even if he was personally served with the deposition subpoena, that subpoena was not accompanied by the appropriate witness fee for deposition attendance. Respondent argues that anything he could provide in response to either subpoena would be protected under attorney-client privilege. Finally, Respondent maintains that, even if he is ordered to comply with the subpoenas, Petitioner is not entitled to an award of fees or costs.

Petitioner contends in his Reply [DE 6] that good cause exists to excuse the untimeliness of the Motion to Compel under Local Rule 26.1(g)(1) or that the Court should otherwise decline to apply the Local Rule's deadline to present discovery disputes to the Court. Petitioner argues that the subpoenas were properly served and that, in any event, Respondent waived his objections concerning service by failing to raise those objections in the June 17 letter. Petitioner asserts that

Respondent has not met his burden to establish attorney-client privilege as to any communications or documents.

### III.  ANALYSIS

Rule 26.1(g)(1) of the Local Rules for the Southern District of Florida provides:

All disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within [thirty] (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials.  Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.  The thirty (30) day period set forth in this rule may be extended once for up to seven (7) additional days by an unfiled, written stipulation between the parties, provided that the stipulation does not conflict with a Court order.

Local Rule 26.1(g)(1) "was designed to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and not held until shortly before the close of discovery or the eve of trial."  *Rocket Real Est., LLC v. Maestres*, No. 15-62488-CIV, 2016 WL 4468286, at *1 (S.D. Fla. Aug. 24, 2016) (quotation marks omitted); *see also Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357-CIV, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012) ("[T]he Rule sets forth a specific period within which discovery motions must be filed. Defining that period as 'thirty days' rather than, for example, the less precise 'a reasonable time' reflects the judgment of the District that the filing period should not extend beyond thirty days. Thus, the Rule has the benefit of making clear precisely when discovery motions must be filed.").

Petitioner does not dispute that he did not comply with the Local Rule when he failed to file the Motion to Compel by the latest date on which the Motion to Compel would have been due,

4

July 29 (30 days after the scheduled deposition for which Respondent did not appear).  Petitioner contends, however, that the Court should not enforce the Local Rule's deadline for various reasons.

As one of those reasons, Petitioner argues that discovery is ongoing for the New York litigation, as evidenced by the fact that he is attempting to enforce numerous subpoenas for that litigation through other cases pending in this District.  *See Oppedisano v. Fort Lauderdale Exec. Jet Ctr., LLC*, No. 0:22-MC-61569-RS; *Oppedisano v. Skroder*, No. 0:22-MC-61802-RKA; *Oppedisano v. Skylink Jets, Inc.*, No. 0:22-MC-61540-WPD; *Oppedisano v. Rodman*, No. 0:22-MC-61785-WPD.  An additional case in this District involving the enforcement of a subpoena recently resolved.  *See Oppedisano v. Nichols*, No. 0:22-MC-61509-CMA.  The Court does not consider ongoing discovery to be either good cause for delay or a reason to exercise the Court's discretion not to enforce the Local Rule.  Declining to enforce the deadline under the Local Rule simply because discovery in a case is ongoing would permit parties to hold resolution of their discovery disputes until nearly the end of the discovery period, which could delay the progression of the case.

Next, Petitioner asserts that he was engaging in ongoing efforts to resolve the discovery dispute as to Respondent without motion practice.  Judges of this District have determined in some cases that, under the particular facts, an ongoing attempt to resolve a discovery dispute without the Court's intervention constituted good cause under the Local Rule for a delay in presenting the dispute to the Court.  *E.g., Wright v. Greensky Mgmt. Co.*, No. 20-CV-62441, 2022 WL 1908826, at *4 (S.D. Fla. June 3, 2022); *Ctr. for Individual Rts. v. Chevaldina*, No. 16-20905-CIV, 2017 WL 5905191, at *3 (S.D. Fla. Nov. 29, 2017).  Here, though, the last communications that Petitioner points to with Respondent's counsel concerning Respondent's noncompliance with the subpoenas took place before the scheduled June 29 deposition, and Respondent did not appear for

that deposition. Petitioner has provided no information to indicate that efforts to resolve this discovery dispute continued after that date so as to justify delaying until October 7 to file the Motion to Compel. As to this argument, the Court does not find either good cause for delay or a reason for the Court to exercise its discretion not to enforce the Local Rule.

Finally, Petitioner indicates that the deadline under the Local Rule should not be enforced out of fairness because Respondent's October 21 deadline to respond to the Motion to Compel was not strictly enforced. The Court notes that Respondent ultimately filed his Response six days late, potentially as a result of a misunderstanding concerning service of the Motion to Compel. Juxtaposed with that deficiency, Petitioner filed the Motion to Compel 70 days late and has presented no colorable excuse for that delay. The Court concludes that Petitioner has not shown good cause for his failure to timely present this discovery dispute to the Court. Further, under the circumstances of this case, the Court declines to exercise its discretion to waive the deadline under the Local Rule.

## IV. CONCLUSION

For the foregoing reasons, Petitioner Vincenzo Oppedisano's Motion to Compel Compliance with Subpoena [DE 1] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 18th day of November, 2022.

                PANAYOTTA AUGUSTIN-BIRCH
                UNITED STATES MAGISTRATE JUDGE